IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHANNON TAYLOR, | : | |
| Plaintiff, | : | |
| | | Case No. 3:12mc00020 |
| vs. | : | |
| | | District Judge Timothy S. Black |
| WESTERN SOUTHERN FINANCIAL GROUP, | : | Chief Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendant. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.   Introduction

Shannon Taylor previously sought relief in arbitration claiming that his former employer, Western Southern Financial Group (Western Southern), violated his rights under federal and state anti-discrimination laws.  He was unsuccessful.  He brings the present case challenging the dismissal of his arbitration at the summary judgment stage.  This case is presently before the Court upon Taylor's Motion or Complaint to Vacate Arbitrator's Award (Doc. #1); Western Southern's Memorandum in Opposition (Doc. #2); Taylor's Motion for Leave to File Memorandum Instanter (Doc. #12); Taylor's Response to Order to Show Cause (Doc. #14) and Motion to Accept Brief Instanter (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

#15); Western Southern's Reply to Response to Order to Show Cause (Doc. #16); and the record as a whole.

## II. Background

In August 2011, Taylor filed a Complaint in the Cincinnati Division of this Court claiming that Western Southern violated his rights under the Americans with Disabilities Act, the Family and Medical Leave Act, and many other federal and state statutes. *See Shannon Taylor v. Western Southern Financial* Group, Case No. 1:11cv00605. On September 16, 2011, Taylor filed a Notice voluntarily dismissing his case without prejudice to refiling within one year.

The matter then proceeded to arbitration before the American Arbitration Association, Employment Arbitration Tribunal. In a decision issued on April 20, 2012, an arbitrator explained that Taylor had not responded to Western Southern's Motion for Summary Judgment. Noting that Taylor's omission by itself was not sufficient reason to grant Western Southern's Motion for Summary Judgment, the arbitrator analyzed the Motion (and supporting exhibits) and concluded, "it is apparent that there is no genuine issue of material fact in dispute and that the Respondent [Western Southern] is entitled to an award as a matter of law." (Doc. #1-2 at 9). The arbitrator therefore granted Western Southern's Motion for Summary Judgment.

Through counsel, Taylor explains in the present case that on or about the same date the arbitrator issued his decision (April 20, 2012), he contacted the arbitrator and left a message checking on the status of his case. Shortly thereafter he received the

arbitrator's award in favor of Western Southern. But, according to Taylor, he had not received a copy of Western Southern's Motion for Summary Judgment and "a notice of filing was not mailed. Defendant asserted he [sic] sent his motion by email but never confirmed receipt or otherwise informed Plaintiff of the filing." (Doc. #1 at 2).

Taylor notified the arbitrator of the error and filed a motion to stay the arbitration award. Western Southern opposed a stay, arguing that Taylor needed to prove he never received the emailed Motion for Summary Judgment.

Taylor explains the next events as follows:

> The Arbitrator agreed to review and on June 6, 2012 the arbitrator allowed Plaintiff to respond (see Exhibit 4). No one objected to the authority of the arbitrator to decide the issue of staying the award and allowing a response on the merits.
>
> Plaintiff's memorandum was filed on or before June 13, 2012, still not having the defendants['] Motion for Summary Judgment.

(Doc. #1 at 2).

In his decision on the Motion to Stay, the arbitrator considered whether Taylor had provided evidence showing there "was a genuine issue of material fact in dispute." (Doc. #1-2 at 5). The arbitrator reported that Taylor had submitted a "thumb drive" that contains "many hours of conversations he [Taylor] had recorded with his superiors and his co-workers." *Id*. The arbitrator then wrote:

> Upon review of the recordings, they do not establish discrimination or other illegal conduct on the part of [Western Southern]. However, that is not the test. If the recordings had been submitted in opposition to the motion for summary judgment, I believe that, on balance, I would have found that a hearing would have been appropriate to resolve issues of the

3

> nuances of the conversations and what the parties meant to convey through their choices of words.  [Taylor] also raised an issue of accommodation ... that was not apparent in the motion and that could have benefitted from evidence as to how readily achievable the accommodation would have been.
>
> Finally, I must consider the issue of my jurisdiction to grant [Taylor's] motion. The general rule is that, once an arbitrator issues the award and closes the case, the arbitrator loses jurisdiction....  See, for example, *Miller v. Gunckle*, (2002), 96 Ohio St.3d 359.

(Doc. #1-2 at 6).  Next, the arbitrator identified a limited exception appearing in Rule 40 of the American Arbitration Association's Rules, which allows a party to request, within 20 days after an award, the arbitrator to correct clerical, typographical, technical or computational errors in the award.  Rule 40 further states, "The arbitrator is not empowered to redetermine the merits of any claim already decided." *Id*.  The arbitrator then wrote:

> Based on this rule I cannot find that I have jurisdiction to reopen the case or to vacate my previous final award.  That would be redetermining the merits of the motion, which has already been decided.  I understand that this may create additional confusion for the parties, but unless they agree to a modification of the appointment and a specific grant of renewed powers to me, I do not believe that reopening my previous award would be valid.  That action would, in all likelihood, create even more confusion and potential extraneous controversy.  I therefore must deny the motion to stay the Award.

(Doc. #1-2 at 6).

On October 10, 2012, Taylor filed a "Motion or Complaint to Vacate Arbitrator's Award," in which he requests the Court provide an Order (1) vacating the arbitrator's denial of his Motion to Stay the proceedings and (2) requiring a rehearing in arbitration.

4

(Doc. #1 at 3). Taylor based this request on Title 9 U.S.C. §10, although he provided no analysis of which specific language in §10 applies in this case. *Id*. at 2-3. He also did not cite any case supporting his requests for federal judicial relief. He argued, in conclusion, "The District Court also has jurisdiction where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." (Doc. #1 at 3).

Western Southern responded that Taylor's motion is time-barred because he did not file it in this Court within the Federal Arbitration Act's three-month statute of limitations.

Prior to evaluating the merits of Taylor's motion, however, the Court first considered whether federal question jurisdiction exists to hear this case. Due to the fact that the Federal Arbitration Act does not independently provide the Court with subject matter jurisdiction, the Court ordered Plaintiff to show cause on or before April 26, 2013, why the Court has subject matter jurisdiction in this case. (Doc. #13 at 2).

Taylor filed his untimely response to the Order on April 27, 2013. (Doc. #14). In his response, he argues that despite the fact that the FAA does not provide an independent basis for subject matter jurisdiction to hear this case, "this case none the less [sic] survives the jurisdictional issue." (*Id.* at 1). In support of this position, Taylor argues that subject matter jurisdiction exists to hear this case because the matter "involves constitutional issues: substantive and procedural due process." (*Id.* at 2). He contends that "[t]he central issue in this appeal is whether Appellant was afforded due process

5

where the arbitrator renders a decision on a respondent's motion and the motion was not in compliance with the rules on service and was not served on opposing party." (*Id.* at 2-3).  He alleges his constitutional rights were violated because the arbitrator ignored certain rules set forth by the American Arbitration Association.  (*Id.* at 3-6).

On May 9, 2013, Western Southern filed a Memorandum in Opposition (Doc. #16).  Western Southern argues that "[d]ue process protections do not extend to private conduct abridging individual rights as in arbtiration" and therefore, "there is no state action to support Plaintiff's due process claim." (Doc. #16 at 2-3).  Taylor has not filed a timely Reply.

### III. Discussion

The Court may consider the issue of subject matter jurisdiction *sua sponte. See Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) ("The existence of subject matter jurisdiction, moreover, is an issue that 'may be raised at any time, by any party or even *sua sponte* by the court itself.'") (citing *Franzel v. Kerr Mfg.* Co., 959 F.2d 628, 630 (6th Cir. 1992)).

Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  In order for a cause of action to arise under federal law, a plaintiff's well-pleaded complaint must raise such issues. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987).  Citation to federal law, however, is not alone sufficient to confer jurisdiction. *Ford v. Hamilton Inv., Inc.*, 29 F. 3d 255, 258 (6th Cir. 1994)

("Merely referring to a federal statute . . . does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'") (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).

It is well settled that the Federal Arbitration Act does not create any independent federal question jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1982) (The FAA establishes "a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise.").

Moreover, the United States Court of Appeals for the Sixth Circuit has held that the federal nature of the underlying claims submitted to arbitration does not confer federal question jurisdiction. *City of Detroit Pension Fund v. Prudential Securities, Inc.*, 91 F.3d 26, 29 (6th Cir. 1996) ("[t]he federal nature of the claims submitted to arbitration would not appear to be a sufficient basis for jurisdiction under 28 U.S.C. § 1331, since the rights asserted here are actually based on the contract to arbitrate rather than on the underlying substantive claims."); *see also Ford*, 29 F.3d 255, 257 (6th Cir. 1994) ("One can understand why Mr. Ford's counsel might have assumed, as he evidently did in drafting his complaint, that [section 10 of the Federal Arbitration Act] would suffice to confer federal jurisdiction over an action to vacate an arbitral award. It is well established, however, that § 10 of the Arbitration Act does not constitute a grant of subject matter

jurisdiction.").

Taylor appears to believe federal question jurisdiction exists under the FAA or because of the federal nature of the employment discrimination claims underlying the arbitration; however, the Sixth Circuit has specifically rejected this reasoning.

In *Collins v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35 (6th Cir. 1996), the Sixth Circuit vacated the decision of the district court confirming an arbitration award in favor of the plaintiff, Irma Collins. Collins claimed Defendant Blue Cross Blue Shield of Michigan ("BCBSM") terminated her employment in violation of the Americans with Disabilities Act, as well as other state anti-discrimination laws. Collins arbitrated her claims and received an award in her favor. After filing her complaint to confirm the arbitration award in state court, Defendant BCBSM removed the case to the district court asserting the existence of federal question subject matter jurisdiction due to the fact that the arbitrator's decision referenced, and was based upon, the ADA. *Collins*, 103 F.3d at 37. The district court thereafter confirmed the arbitration award. *Id.* at 35.

On appeal, the Sixth Circuit concluded the district court lacked subject matter jurisdiction, and explained as follows:

> In this case, one of the issues in the underlying arbitration was Collins' statutory claim against BCBSM under the ADA, clearly a federal question. However, the issue in Collins' state court complaint was the confirmation of the arbitrated award, a right that was provided in the parties' arbitration agreement and, thus, clearly a state law matter. As noted, neither the FAA nor the underlying arbitrated claim provide an independent basis of federal jurisdiction in an action to confirm or vacate an arbitration award. Therefore, this Court lacks jurisdiction of this matter.

8

*Id.* at 38.  In this case, Taylor filed an action in August 2011 against Western Southern alleging violation of his rights under the ADA, FMLA, and other federal and state statutes.  *See Shannon Taylor v. Western Southern Financial* Group, Case No. 1:11cv 00605.  Pursuant to the terms of his employment contract, Taylor proceeded to arbitration, but lost at the summary judgment stage.  He now brings this action seeking to vacate the arbitration award.

As discussed in *Collins*, however, no federal question exists for which this Court may exercise subject matter jurisdiction over this case.  Again, "neither the FAA nor the federal nature of an underlying arbitrated dispute provide federal question subject matter jurisdiction."  *Collins*, 103 F.3d at 37; *see also Corner v. Greef*, 99 Fed. Appx. 577, 580 (6th Cir. 2004)(affirming district court's judgment dismissing, *sua sponte*, plaintiff's complaint filed pursuant to 9 U.S.C. § 10 (the Federal Arbitration Act), 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and state law claims, for lack of subject matter jurisdiction).

Taylor now also appears to argue that the Court has subject matter jurisdiction to hear this case because the arbitrator with the American Arbitration Association allegedly violated his due process rights by failing to ensure he was provided with a copy of the motion for summary judgment prior to rendering a decision.  Taylor cites to multiple cases discussing due process, yet as Western Southern notes, he fails entirely to address how a private arbitrator's actions are attributable to the state or those acting under the color if its authority.  (Doc. #16 at 2).  This is problematic for Taylor because, "[i]n order to raise a due process claim, a party must have a property or liberty interest of which it is

9

deprived by state action, as the Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'" *Lucre, Inc. v. Michigan Bell Tel. Co.*, 238 Fed. Appx. 18, 22 (6th Cir. 2007) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed.2d 534 (1982)); *see also Thomas v. Better Bus. Bureau*, 79 Fed. Appx. 748 (6th Cir. 2003) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)) ("Private individuals and companies do not act under color of state law.").

The actions of the private arbitrator in this case simply do not constitute state action sufficient to support a constitutional due process claim.[2] *See, e.g., Elmore v. Chicago I.M.R. Co.*, 782 F.2d 94, 96 (7th Cir. 1986) ("Private arbitration, however, really is private; and since constitutional rights are in general rights against government officials and agencies rather than against private individuals and organizations, the fact that a private arbitrator denies the procedural safeguards that are encompassed by the term 'due process of law' cannot give rise to a constitutional complaint."); *Federal Deposit Ins. Corp. v. Air Florida Sys., Inc.*, 822 F.2d 833, 842 n. 9 (9th Cir. 1987), *cert. denied*, 485 U.S. 987, 108 S. Ct. 1289, 99 L. Ed. 2d 500 (1988) ("The arbitration involved here was private, not state, action; it was conducted pursuant to contract by a private arbitrator. . . . we do not find in private arbitration proceedings the state action requisite for a constitutional due process claim."); *Davis v. Prudential Sec.*, 59 F.3d 1186, 1191 (11th Cir. 1995) ("In the present case, the arbitration was a private proceeding arranged by a

---

[2] Nowhere in his "Motion or Complaint to Vacate Arbitrator's Award" (Doc. #1) does he mention due process or attempt to raise a claim pursuant to 42 U.S.C. § 1983. Nor does he include the arbitrator or AAA as a party in this case.

voluntary contractual agreement of the parties. Accordingly, the arbitration proceeding itself did not constitute state action.").

If the parties are of diverse citizenship and the requisite minimum amount in controversy is met pursuant to 28 U.S.C. § 1332, the Court can, of course, also exercise jurisdiction. However, Taylor did not set forth in his complaint that jurisdiction based on diversity of citizenship exists in this case, nor does the record appear to support such a conclusion. As such, Taylor has failed to establish that this Court has jurisdiction over his claims pursuant to § 1332. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

As the Court finds it lacks subject matter jurisdiction over this matter, it should be dismissed.

Taylor's Motion for Leave to File Memorandum Instanter (Doc. #12) is also not well taken. Plaintiff's counsel was provided four extensions of time to file a reply (originally due on or before December 19, 2012). Upon granting the third request for an extension of time on January 11, 2013, the Court cautioned Plaintiff's counsel that "No further extensions of time will be granted, absent extraordinary circumstances." (Doc. #10 at 2). He was provided an additional 31 days – until February 11, 2013 – to file a

reply.  On February 11, 2013, Plaintiff's counsel yet again requested another extension of time.  The Court concluded counsel's fourth motion for extension of time lacked merit, yet (preferring to decide the case on the merits) ultimately allowed Plaintiff's counsel until midnight on February 18, 2013, to file a reply.  (Doc. #10 at 3).  Plaintiff's counsel failed to meet this deadline.  Plaintiff's Motion for Leave to File Memorandum Instanter (Doc. #12) fails to set forth any reason sufficient to justify or otherwise excuse this delay and should therefore be denied.

Plaintiff also failed to meet the deadline set forth in this Court's Order to Show Cause (Doc. #13).  Plaintiff was provided until April 26, 2013, to file his response, but filed his response on April 27, 2013.  (Doc. #27).  Plaintiff subsequently filed a Motion to Accept Brief Instanter (Doc. #15), in which he requests the Court provide him leave to file the untimely response.  Plaintiff provides the following explanation:

> Plaintiff's Counsel asked one of his staff members to help in the writing of this response, when Counsel received the document he had to make several revisions to it.  Counsel was able to get the revisions changed and attempted to file the response with this Court.  Counsel and staff do immensely send our apologies to this Honorable Court for any un-conveniences [sic] this may have or will cause.

(Doc. #15).  Despite the inadequate reason provided by Plaintiff's counsel for such a delay, the Court will nevertheless permit the filing of his Response to the Order to Show Cause (Doc. #14) only to avoid further delay in the administration of this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Shannon Taylor's Motion for Leave to File Memorandum Instanter (Doc. #12) be DENIED;

2. Plaintiff's Motion to Accept Brief Instanter (Doc. #15) be GRANTED;

3. Plaintiff's Motion to Vacate Arbitrator's Award (Doc. #1) be DENIED;

4. This case be DISMISSED for lack of subject matter jurisdiction; and,

5. This case be terminated on the docket of this Court.

June 19, 2013

                                                      s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).